UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SERGEY MIKHAYLOVICH SHEVCHUK,<br><br>                              Petitioner,<br><br>        v.<br><br>BRUCE SCOTT, Warden of the Northwest ICE Processing Center, and MARKWAYNE MULLIN, Secretary of the United States Department of Homeland Security,<br><br>                              Respondents. | No. 2:26-CV-01408-SAB<br><br>**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS** |

Before the Court is Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1. Petitioner is represented by Vicky J. Currie. Respondents are represented by Alixandria Morris.

Petitioner was admitted to the United States in 1997 as a refugee. He was taken into custody pursuant to an administrative warrant on March 24, 2026, based on an allegation that he is a "former drug abuser or addict" (INA § 237(a)(2)(B)(ii)). He asserts he was arrested at his residence and was immediately detained without any opportunity to challenge the basis for his confinement.

**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS * 1**

Petitioner further indicates he has schizophrenia and requires continuous treatment with several prescribed antipsychotic medications. Petitioner asserts Respondents have and continue to withhold one of those prescribed medications, putting his health and safety at risk.

Accordingly, Petitioner asserts his detention is unlawful and constitutionally deficient, as Respondents have deprived him of liberty without any meaningful process, have failed to provide any individualized justification for his continued detention, and are now subjecting him to conditions that place his health at risk.

Respondents assert the petition fails because detention is expressly authorized and mandated by federal statute as Petitioner is detained pursuant to 8 U.S.C. § 1226(c), which requires detention of noncitizens who are removable based on qualifying criminal or drug-related grounds.

Respondents assert that, on March 19, 2026, the Enforcement and Removal Operations (ERO) division became aware that Petitioner disclosed to U.S. Citizenship and Immigration Services, while applying for an immigration benefit, that he had previously used or was addicted to methamphetamine. On March 24, 2026, Petitioner was detained by ERO and was served with a warrant of arrest and notice of detention. He was then transferred to the Northwest ICE Processing Center (NWIPC).

That same day, Petitioner was issued a Notice to Appear alleging that he is removable pursuant to INA § 237(a)(2)(B)(ii) in that he, at any time after admission, had been a drug abuser or drug addict. He was placed in immigration proceedings on that same date. Respondents indicate removal proceedings are ongoing, and assert Petitioner's detention has not become prolonged.

In his reply memorandum, Petitioner asserts he is not subject to mandatory detention and is detained pursuant to 8 U.S.C. § 1226(a), as he has no qualifying criminal convictions to warrant detention under 8 U.S.C. § 1226(c).

//

**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS \* 2**

Writs of habeas corpus may be granted by a district court within its respective jurisdiction. 28 U.S.C. § 2241(a). Habeas petitioners must prove by a preponderance of the evidence that they are entitled to relief – more specifically, that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

Under the Due Process Clause of the Fifth Amendment to the United States Constitution, no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. The Fifth Amendment guarantee of due process applies to civil detainees in deportation proceedings. *Zadvydas v. Davis*, 533 U.S. 678, 693-94 (2001). Prolonged mandatory detention pending removal proceedings without a bond hearing will, at some point, violate the right to due process. *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1116 (W.D. Wash. 2019).

As a preliminary matter, the Court notes that Petitioner is detained pursuant to 8 U.S.C. 1226(c). Section 1226(c) mandates detention for noncitizens deemed deportable by reason of having committed any offense covered in § 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D). 8 U.S.C. § 1226(c)(1)(B). Section 1227(a)(2)(B)(ii) covers individuals who are, or at any time after admission were, a drug abuser or addict. Petitioner previously admitted to immigration officials that, at some point in the past, he was addicted to methamphetamine. Accordingly, Petitioner is detained pursuant to § 1226(c) and is subject to mandatory detention, and no pre-detention process is required. *See Demore v. Kim*, 538 U.S. 510, 530 (2003). As the question is not whether Petitioner's detention was lawful from the outset, the Court must determine whether his present mandatory detention violates the due process clause of the Fifth Amendment.

Courts in this district typically apply a six-factor balancing test to determine whether mandatory detention violates due process: (1) the total length of detention, (2) the likely duration of future detention, (3) the conditions of detention, (4)

**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS * 3**

delays in the removal proceedings caused by the detainee, (5) delays in the removal proceedings caused by the government, and (6) the likelihood that the removal proceedings will result in a final order of removal. *Banda*, 385 F. Supp. 3d at 1106. While informative, this test limits the Court's ability to consider factors that may be relevant to the circumstances of a petitioner's detention. Accordingly, the Court adopts this test with an additional factor: (7) any other considerations relevant to the specific facts and circumstances of the petitioner.

**1. Length of detention**

Petitioner was detained March 24, 2026, approximately two months ago. The Supreme Court has indicated six months is a presumptively reasonable length of detention for civil immigration cases. *Zadvydas*, 533 U.S. at 701. This six-month presumption does not mean that every noncitizen not removed must be released after six months, the court reasoned that "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*.

As Petitioner detention is well under the six-month threshold, this factor weighs in favor of the Government.

**2. Likely duration of future detention**

This factor considers "how long the detention is likely to continue absent judicial intervention; in other words, the anticipated duration of all removal proceedings including administrative and judicial appeals." *Hong v. Mayorkas*, No. C20-1784, 2022 WL 1078627, at *6 (W.D. Wash. Apr. 11, 2022); *Martinez v. Clark*, No. C18-1669, 2019 WL 5968089, at *9 (W.D. Wash. May 23, 2019). Petitioner's removal proceedings are ongoing, and the typical length of removal proceedings for Petitioners detained pursuant to § 1226(c) is approximately five months. *Zadvydas*, 533 U.S. at 529-30. Petitioner could appeal the final order of removal, and the appeals process available to Petitioner may take up to two years

**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS * 4**

or longer. *See Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1119 (W.D. Wash. 2019).

As future detention could last over two years, this factor weighs in favor of Petitioner.

### 3. Conditions of detention

Petitioner is detained at NWIPC and asserts he has been denied access to medically necessary anti-psychotic medication. Other courts within this district have characterized the conditions in NWIPC as that of a prison, including problems with food, medical neglect, and cleanliness. *See e.g.*, *Toktosunov v. Wamsley*, No. C25-1724, 2025 WL 3492858, at *5 (W.D. Wash. Dec. 5, 2025). Combined with the fact that Petitioner is unable to take medication to treat his schizophrenia which puts him at risk of deteriorating, this factor weighs in favor of Petitioner.

### 4. Delays in removal proceedings attributable to Petitioner

There is no evidence in the record that Petitioner has contributed to any delays in his removal proceedings. Accordingly, this factor is neutral.

### 5. Delays in removal proceedings attributable to the Government

There is no evidence in the record that the Government has contributed to any delays in Petitioner's removal proceedings. Accordingly, this factor is neutral.

### 6. Likelihood that the proceedings will result in a final order of removal

There is insufficient information at this stage to make any determination on the outcome of a final order of removal. Accordingly, this factor is neutral.

### 7. Specific facts and circumstances of Petitioner

As discussed above, Petitioner asserts he is being denied access to medically necessary prescribed anti-psychotic medication while in detention. Respondents provide no meaningful explanation or basis for this deprivation. The Government must provide conditions of reasonable health and safety to detainees. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 199-200 (1989). When the

**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS * 5**

Government knowingly fails to provide a civil detainee with medically necessary treatment, such as prescriptions, the detainee's health and safety is put at risk as the detainee is entirely reliant upon the Government to address medical needs. *Id*. Here, the Government has provided no justification as to why Petitioner has been denied access to prescribed medication, and that denial has placed Petitioner's health and safety at risk. Accordingly, this factor weighs in favor of Petitioner.

**8. Weighing the factors**

The first factor, the length of detention, is the only factor that weighs in favor of the Government. The likely length of future detention, conditions of confinement, and specific circumstances of Petitioner weigh in favor of granting the petition. The remaining factors are neutral. Under these circumstances, the Court finds that the factors support a finding that Petitioner's detention is unlawful and he is entitled to habeas relief.

Accordingly, **IT IS HEREBY ORDERED:**

1. Petitioner's ongoing and prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates the Due Process Clause of the Fifth Amendment to the United States Constitution. The Court directs the Government to hold a bond hearing within seven (7) calendar days of the entry of this Order.

a. The bond hearing shall comport with the procedural requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011) – there must be a contemporaneous record of the hearing, and the Government bears the burden of proving by clear and convincing evidence that Petitioner is a flight risk or a danger to the community;

b. The IJ shall allow Petitioner to present evidence of financial circumstances or alternative conditions of release that would mitigate any potential dangerousness or risk of flight;

c. Or, in the alternative, the Government shall immediately release

**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS * 6**

petitioner under appropriate conditions of release.

2.       Within 2 business days of the bond hearing or release, Respondents shall file a status report confirming compliance with this order. The status report shall detail if and when the ordered bond hearing occurred, if bond was granted or denied, and if denied, the reasons for that denial.

**DATED** this 20th day of May 2026.

_____
Stanley A. Bastian
United States District Judge

**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS * 7**